UNITES STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Landmark American Insurance Company, )
)
    Plaintiff, )
v. )
) Case No.: 09 CV 2108
Dimensional Technology, Inc.; )
R.L. Sohol, Inc.; Composite ) Judge Rebecca R. Pallmeyer
Steel Products, Inc.; and James Clendenning )
)
    Defendants. )

## MOTION FOR JUDGMENT AGAINST DEFENDANT CLENDENNING

Plaintiff, LANDMARK AMERICAN INSURANCE COMPANY ("Landmark"), by and through its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, hereby moves this Honorable Court for an Order, pursuant to Federal Rule of Civil Procedure 55, entering judgment against Defendant, JAMES CLENDENNING ("Clendenning"), and in support thereof, states as follows:

1. On April 6, 2009, Landmark filed a Complaint for Declaratory Judgment ("Complaint") against Defendants R.L. Sohol, Inc. ("Sohol"), Composite Steel Products, Inc. ("Composite"), Dimensional Technology, Inc. ("DTI") and Clendenning.

2. The Complaint arises out of an insurance coverage dispute involving a personal injury lawsuit brought by Clendenning in the Circuit Court of Cook County, Illinois. Specifically, Defendants Sohol, Composite, and DTI sought insurance coverage respecting Clendenning's suit under a policy issued by Landmark. Landmark denied coverage and filed the Complaint seeking a judicial declaration that it has no duty to defend or indemnify Sohol, Composite or DTI as respects Clendenning's suit. The Complaint joins Clendenning as a

necessary party only so that he could be bound by any judgments entered in the instant action, pursuant to Rule 19 of the Federal Rules of Civil Procedure.

3. On August 5, 2009, this Court entered an Order of Default against DTI. Plaintiff has moved for a Default Judgment against DTI contemporaneously with this motion.

4. On August 24, 2009, Landmark voluntarily dismissed Sohol pursuant to a Stipulation and Settlement Agreement whereby Sohol withdrew its request for coverage to Landmark.

4. On March 18, 2010, Landmark voluntarily dismissed Composite pursuant to a Stipulation and Settlement Agreement whereby Composite withdrew its request for coverage to Landmark.

5. Upon entry of a default judgment against DTI, the instant matter will be resolved as to all parties except Clendenning. As a necessary party with a mere interest in the action, Landmark has sought no relief from Clendenning. Landmark simply requests that Clendenning be bound by the Stipulations of Composite and Sohol, as well as the default of DTI.

6. Clendenning has filed an appearance and has had an opportunity to participate in this action since its inception. Counsel for Clendenning has received notice of all filings and orders described above. Clendenning has never filed an answer to the Complaint.

7. Clendenning is not a minor or an incompetent person.

**WHEREFORE,** Plaintiff LANDMARK AMERICAN INSURANCE COMPANY, respectfully requests that this Honorable Court enter judgment against Clendenning and in favor of Plaintiff finding and declaring as follows:

A. That Landmark has no obligation to defend DTI with respect to the Third-Party Complaint filed in the Clendenning suit;

B. That Landmark has no obligation to indemnify DTI with respect to the Third-Party Complaint filed in the <u>Clendenning</u> suit;

C. That Clendenning be bound by the Stipulations of Composite and Sohol;

D. That Clendenning be bound by the default of DTI.

Traub Lieberman Straus & Shrewsberry, LLP

By: /s/ James M. Eastham<br>Attorney for Landmark American Insurance Co.

Traub Lieberman Straus & Shrewsberry, LLP
Michael S. Knippen
James M. Eastham
Natalie M. Mesplou
303 W. Madison Street
Suite 1200
Chicago, Illinois 60606
312-332-3900